[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13968
_____

D.C. Docket No. 9:14-cv-80900-RLR

CREATIVE AMERICAN EDUCATION, LLC,

Plaintiff - Counter Defendant - Appellant,

versus

THE LEARNING EXPERIENCE SYSTEMS, LLC,

Defendant - Counter Claimant - Appellee,

ANTHONY KORDA,
KORDA, ZITT & ASSOCIATES,

Defendants,

BERNARD LOGANATHAN,
BEEVE SHAIK ALUDEEN-LOGANATHAN,

Counter Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(September 20, 2016)

Before TJOFLAT and JULIE CARNES, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

This dispute arises out of two franchise agreements, a management agreement, and two powers of attorney between Defendant The Learning Experience Systems LLC ("Defendant"), a franchisor of childcare centers, and Plaintiff Creative American Education LLC ("Plaintiff"), a franchisee.  In 2011, Plaintiff invested in two franchises in Colorado.  The parties entered into a management agreement under which Defendant agreed to manage the two childcare centers exclusively for a period of one year and then to co-manage the centers with Plaintiff for at least six months after that.  The parties executed two powers of attorney in connection with the management agreement.

Defendant successfully opened and operated the two centers during its initial stint as manager.  Once Plaintiff assumed its management responsibilities, however, numerous and continuing management problems arose, eventually leading to a finding by state licensors of violations of various health and safety regulations.  In response to this finding and its many problems managing the facility, Plaintiff indicated its intent to shut down one of the centers.  Defendant notified Plaintiff that it found unacceptable the existence of these health and safety

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

2

violations, as well as Plaintiff's plan to close one of the centers.  Accordingly, Defendant indicated its immediate intention to step back in and exercise exclusive control of both centers.

After Defendant did so, Plaintiff filed this lawsuit for breach of the franchise and management agreements, breach of fiduciary duty under the powers of attorney, fraudulent and negligent misrepresentation, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Defendant counterclaimed for breach of the franchise and management agreements.

The district court granted summary judgment to Defendant on the claims for fraudulent and negligent misrepresentation and the violations of FDUTPA based on alleged misrepresentations.  The court denied summary judgment on the remaining claims and counterclaims and held a bench trial.

At the conclusion of the bench trial, the court found in favor of Defendant on all counts, including its counterclaims.   As to Plaintiff's breach of the franchise and management agreements, the district court entered judgment in Defendant's favor in the amount of $984,074.31.

Plaintiff appeals the district court's grant of summary judgment on the misrepresentation-related claims, as well as the court's conclusions of law

3

concerning the remaining claims and counterclaims tried during the bench trial.[1]

Having carefully reviewed the record and the briefs, and having had the benefit of

oral argument, we find no reversible error in the district court's thorough findings

of fact and conclusions of law.

**AFFIRMED.**

---

[1] We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmovant. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263–64 (11th Cir. 2010). "After a bench trial, we review the district court's conclusions of law *de novo* and the district court's factual findings for clear error." *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230 (11th Cir. 2009). Plaintiff does not challenge the district court's findings of fact.